FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 09 2015

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| SIDNEY MCLENDON, Individually and on Behalf of Others Similarly Situated | PLAINTIFF |
| vs.      No. 4:15-cv-752-SWW  This case assigned to District Judge __Wright__ and to Magistrate Judge __Yeamen__ | |
| SCHLUMBERGER TECHNOLOGY CORPORATION | DEFENDANTS |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Sidney McLendon, individually and on behalf of all others similarly situated, by and through his attorneys Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendant Schlumberger Technology Corporation ("Defendant"), and in support thereof does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  This is a collective action brought by Plaintiff Sidney McLendon on behalf of himself and on behalf of other similarly situated persons employed by Defendant at any time within a three year period preceding filing of this Complaint.

2.  Plaintiff alleges that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., when Defendant failed to pay Plaintiff and others similarly situated overtime premiums for hours worked in excess of forty (40) per week when they were employed as "Senior Field Technicians" or "Expert Field Technicians."

3.      The proposed Section 216 class is composed entirely of employees who are or were Senior and/or Expert Field Technicians for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their fundamental rights under applicable federal wage and hour laws. This collective action seeks the unpaid wages and other damages owed to these workers.

4.      Plaintiff brings this action under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in each week that they were/are made to work.

5.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

6.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7.      The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Sidney McLendon is a resident and citizen of Faulkner County, Arkansas.

10. Defendant is a corporation organized under the laws of Texas, registered to conduct business in Arkansas, and may be served through its registered agent for service of process National Registered Agents, Inc., of Arkansas, 455 Maurice Street, Hot Springs, Arkansas 71901.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

11. Plaintiff Sidney McLendon brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated Expert and/or Senior Field Technicians who were or are employed by Defendant and were not paid overtime premiums at any time within the applicable statute of limitations period.

12. Plaintiff is unable to state the exact number of the class. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

13. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

14. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

15. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

16. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including Defendants' failure to pay members of the class lawful overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

17. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

> **All persons employed by Defendant as Senior Field Technicians or Expert Field Technicians at any time since December 9, 2012.**

## V. FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

19. Plaintiff was an employee of Defendant within the last three years.

20. At all times relevant to this Complaint, Defendant has been an employer and an enterprise engaged in commerce within the meaning of the FLSA. Defendant has employees engaged in interstate commerce.

21.     Defendant has an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiff was engaged in commerce as required by 29 U.S.C. §§ 206-207.

22.     From January of 2015 until November of 2015, Sidney McLendon was employed by Defendant as an Expert Field Technician and was paid a salary plus a non-discretionary bonus, but did not receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

23.     Throughout 2013 and 2014, Plaintiff was employed by Defendant as a Senior Field Technician and was paid a salary plus a non-discretionary bonus, but he did not receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

24.     Plaintiff routinely worked in excess of forty hours per week.

25.     During Plaintiff's employment as a Senior and/or Expert Field Technician, Defendant paid all such employees a salary, and also paid them a non-discretionary bonus, which it referred to as the "Job Bonus Assignment" or "JBA" Bonus.

26.     The JBA Bonus was a percentage of the total amount collected by Defendant on the projects worked on by Plaintiff and other Senior and/or Expert Field Technicians.

27.     Defendant violated the FLSA by failing to pay Plaintiff and similarly situated Senior and/or Expert Field Technicians overtime premiums for all hours worked in excess of forty (40) per week.

28.     As a Senior and/or Expert Field Technician, Sidney McLendon's primary job duty was manual labor. He ran tubing conveyed perforating at various oil sites, which

involved loading perforating guns, transporting them to the job site, and performing the perforating operations at the site. When the job was completed, Plaintiff transported the equipment back to the shop and ensured that it was ready for the next job.

29. Plaintiff and other Senior and/or Expert Field Technicians were not required to have any special education or specialized knowledge to perform his job.

30. Defendant's Senior and/or Expert Field Technicians, including Plaintiff, were required to be physically fit and strong enough to perform the manual labor required by their primary job duties.

31. Defendant's Senior and/or Expert Field Technicians, including Plaintiff, did not supervise other employees.

32. Plaintiff and the other Senior and/or Expert Field Technicians were and are entitled to 1.5 times their regular rate of pay for hours worked in excess of 40 in a week.

33. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Senior and/or Expert Field Technicians violated the FLSA.

34. Defendant's Senior and/or Expert Field Technicians routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI. FIRST CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

35. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

36. Plaintiff Sidney McLendon brings this collective action on behalf of all similarly situated persons who were or are employed by Defendant as Senior and/or Expert Field Technicians at any time within the applicable statute of limitations period and were not paid overtime premiums for all hours worked in excess of forty (40) per week.

37. Plaintiff and all other similarly situated Senior and/or Expert Field Technicians were non-exempt employees entitled to overtime premiums for all hours worked in excess of forty (40) hours per week.

38. Plaintiff and other Senior and/or Expert Field Technicians regularly worked more than 40 hours per week.

39. Defendant failed to pay these workers overtime. Instead, Defendant paid (and pays) Plaintiff and all similarly situated employees a salary plus non-discretionary bonuses.

40. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

41. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

42. Defendant violated the overtime provisions of the FLSA by failing to pay Plaintiff overtime premiums for all hours worked in excess of forty (40) per week.

43. Defendant is liable to Sidney McLendon individually for the violations described in the class claim section, above.

44. Additionally, Plaintiff is entitled to an amount equal to his unpaid wages as liquidated damages, as well as reasonable attorney's fees and the costs of this action.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sidney McLendon, individually and on behalf of all others similarly situated, respectfully prays as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(g) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(h) Reservation of the right to amend this Complaint as provided by law; and

(i) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF SIDNEY MCLENDON,
Individually and on behalf of
Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: /s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and: /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SIDNEY MCLENDON,** **PLAINTIFF**
**Individually and on Behalf of**
**All Others Similarly Situated**

vs.

**SCHLUMBERGER LIMITED (SCHLUMBERGER** **DEFENDANTS**
**N.V.); SCHLUMBERGER TECHNOLOGY**
**CORPORATION; and SCHLUMBERGER**
**TECHNOLOGIES, INC.**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed by Schlumberger during some of the three years prior to the signing of this document. I understand that a lawsuit is being brought against my employer under the Fair Labor Standards Act (FLSA) for minimum wages, overtime compensation, and other relief. As an employee of these defendants, I consent to becoming a party-plaintiff to this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

December 4, 2015

_____
SIDNEY MCLENDON
c/o SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040